```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA
_____
                              :
MAURICE STYLES,               :  CIVIL ACTION
                              :
          Petitioner,         :
                              :
     v.                       :  NO. 07-4175
                              :
DONALD KELCHNER,              :
et al.,                       :
                              :
          Respondents.        :
_____:
```
ARNOLD C. RAPOPORT
UNITED STATES MAGISTRATE JUDGE

## REPORT AND RECOMMENDATION

Maurice Styles filed this Petition for writ of habeas corpus in the United States District Court for the Middle District of Pennsylvania. It was transferred to this Court on October 4, 2007, and assigned to the undersigned for preparation of a Report and Recommendation. For the following reasons, I recommend that the Petition be dismissed without prejudice and with no certificate of appealability issued.

**I.    FACTS AND PROCEDURAL HISTORY**.[1]

Styles entered a guilty plea in the Philadelphia Court of Common Pleas to robbery, rape, attempted involuntary deviate sexual intercourse, possession of an instrument of crime, failure to register as a sex offender and two counts of aggravated

---

[1] The procedural history and facts of Styles's crimes are taken from the Pennsylvania Superior Court's opinion denying his direct appeal. Commonwealth v. Styles, No. 1304 MDA 2003 (Pa. Super. Ct. June 29, 2006) (Attached as Ex. A to Respondents' Response).

assault.  After having served a jail term in New Jersey for rape, Styles relocated to Philadelphia but did not register as a sex offender.  On July 11, 1999, he beat and stabbed a 17 year-old girl after she refused to perform oral sex on him.  Approximately two weeks later, Styles raped another victim at knifepoint.  He slashed that victim's throat and stole $12 from her.

Styles was originally sentenced to an aggregate term of 56 to 112 years incarceration.  Each individual sentence exceeded the state guidelines range and all sentences were deemed to run consecutively.  Following a *nunc pro tunc* appeal, the Pennsylvania Superior Court vacated the sentence finding the trial court had failed to give proper reasons for going beyond the guidelines ranges.  <u>Commonwealth v. Styles</u>, 812 A.2d 1277 (Pa. Super. Ct. 2002).  A new sentencing hearing was convened, with the trial court reimposing the same sentence, while giving multiple reasons for its sentencing decision.  Styles again appealed the judgment of sentence arguing that the sentence was manifestly excessive because the sentencing court did not consider certain mitigating factors.  In an opinion dated June 29, 2006, the Pennsylvania Superior Court affirmed.

On June 15, 2007, Styles filed a *pro se* petition under the Post Conviction Relief Act, 42 Pa. Cons. Stat. § 9541.  The Commonwealth, in its Response to the instant federal habeas petition, contends that counsel has been appointed for Styles on

the state petition, which remains pending.

## II.  DISCUSSION

The habeas statute requires that prisoners exhaust their claims in state court before seeking relief from the federal courts.  See 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State.").  Absent exceptional circumstances, a federal court may not determine the merits of a habeas corpus petition until the petitioner has exhausted all means of available relief under state law.  28 U.S.C. § 2254(b); O'Sullivan v. Boerkel, 526 U.S. 838, 839 (1999); Slutzker v. Johnson, 393 F.3d 373, 379 (3d Cir. 2004).  Principles of comity "dictate that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief."  O'Sullivan, 526 U.S. at 844-45.  The petitioner bears the burden of proving that he has exhausted available state remedies.  Landano v. Rafferty, 897 F.2d 661, 668 (3d Cir. 1990).

Traditionally, a federal district court may not adjudicate a "mixed" petition for habeas corpus, that is, a habeas petition containing both exhausted and unexhausted claims.  The United

States Supreme Court has imposed a "total exhaustion" requirement, directing the federal courts to effectuate this requirement by dismissing mixed petitions without prejudice and allowing petitioners to return to state court to present unexhausted claims to the state courts in the first instance. Rhines v. Weber, 544 U.S. 269, 273-74 (2005).

In his federal petition, Styles attempts to raise three issues: 1) "Did the trial court abuse its discretion when it sentenced him outside the state guidelines range?" 2) "Whether the failure to object to the sentence or failure to file post-sentence motion waves right to appeal of sentence?" and 3) "Ineffective assistance of sentencing counsel (post remand)." Petition at 9.  I recommend that Styles's petition is a mixed petition.  His first claim, that the trial court abused its discretion when it sentenced him outside the state guidelines range, was arguably exhausted in his direct appeal.  However, his other two issues clearly were not.  As Styles has a timely filed, counseled PCRA petition still pending in state court, I recommend that this mixed petition be dismissed without prejudice and with leave for Styles to return to federal court once he has fully exhausted all claims he wishes to present.[2]

---

[2] I note that in a Brief Styles filed in the United States District Court for the Middle District of Pennsylvania prior to the action being transferred to this Court, he asserted that his federal petition should be held in abeyance until his pending PCRA petition is exhausted.  The United States Supreme Court ruled on the propriety of the stay and abeyance procedure in Rhines v. Weber, 544 U.S. 269 (2005), holding that, although the procedure is

For all of these reasons, I make the following:

---

proper, it "should be available only in limited circumstances." <u>Id.</u> at 277. Specifically, "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." <u>Id.</u>

To show good cause, Styles asserts that he was not aware until he was researching case law for his federal petition that he had good cause to raise the ineffective assistance of counsel claim. This assertion is somewhat at odds with the record. His PCRA petition containing the unexhausted claim was filed some four months before he filed his federal petition and was timely under the PCRA statute of limitations. Because a properly filed state petition stays the federal statute of limitations, I recommend that this is not a circumstance where the stay and abeyance procedure should be applied.

**RECOMMENDATION**

AND NOW, this 18th day of April 2008, IT IS RESPECTFULLY RECOMMENDED that this matter should be DISMISSED without prejudice.  I further RECOMMEND that there is no probable cause to issue a certificate of appealability.

The Petitioner may file objections to this Report and Recommendation.  <u>See</u>  Local Civ. Rule 72.1.  Failure to file timely objections may constitute a waiver of any appellate rights.

BY THE COURT:

 /s/ Arnold C. Rapoport
ARNOLD C. RAPOPORT
UNITED STATES MAGISTRATE JUDGE